UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                    |

MAXIMO PENA,                     |

                     |

          Petitioner,        |

                     |       12-CV-7856 (KMW)

                     |       90-CR-553 (KMW)

       -against-         |

                     |      <u>OPINION AND ORDER</u>

UNITED STATES OF AMERICA,    |

                     |

         Respondent.      |

                     |
------------------------------------------------------X

KIMBA M. WOOD, U.S.D.J.:

      Petitioner Maximo Pena brings this *pro se* petition, pursuant to 28 U.S.C. § 2255, asking

the Court to vacate, set aside, or correct his sentence.  For the reasons set forth below, the

petition is DENIED.

**I.  BACKGROUND**

      On August 27, 1990, Petitioner was charged in a four-count indictment.  Count One

charged Petitioner with conspiracy to distribute and to possess with intent to distribute more than

50 grams of cocaine base (or "crack" cocaine), in violation of 21 U.S.C. § 846.  Count Two

charged Petitioner with engaging in a continuing criminal enterprise ("CCE"), in violation of 21

U.S.C. § 848.  Count Three charged Petitioner with possession with intent to distribute more than

50 grams of cocaine base, in violation of 21 U.S.C. § 841.  Count Four charged Petitioner with

using and carrying a firearm during and in relation to a drug trafficking offense, in violation of

18 U.S.C. § 924(c).  Following an April 11, 1991 jury trial, Petitioner was convicted of all four

counts.  On October 7, 1991, the Court sentenced Petitioner to three concurrent terms of life

imprisonment on Counts One, Two, and Three, followed by a consecutive term of five years' imprisonment on Count Four.  The Second Circuit affirmed Petitioner's judgment of conviction on March 20, 1992.  *United States v. Arias*, 962 F.2d 4 (2d Cir. 1992). The Supreme Court denied Petitioner's petition for writ of certiorari on October 5, 1992.  *Pena v. United States*, 506 U.S. 857 (1992).

On April 17, 1997, Petitioner filed his first motion pursuant to 28 U.S.C. § 2255.[1]  On June 2, 1999, the Court vacated Petitioner's Count One narcotics conspiracy conviction, in light of the Supreme Court's decision in *Rutledge v. United States*, 517 U.S. 292, 300, 307 (1996) (holding that conspiracy is a lesser included offense of CCE).  This Court held that "[r]esentencing is not necessary, however, because the validity of petitioner's conviction for CCE is unaffected by *Rutledge*."  *United States v. Pena*, 90-CR-553, at 16 [Dkt. No. 30] (S.D.N.Y. June 2, 1999).  The Court also rescinded the $50 special assessment attributable to the narcotics conspiracy conviction.  *Id.*   The petition in all other respects was denied.  *Id.* at 18.  No amended judgment of conviction was entered subsequent to the Order.

The Court issued a certificate of appealability on October 8, 1999, with respect to two issues: (1) whether the Supreme Court's decision in *Richardson v. United States*, 526 U.S. 813 (1999), required Petitioner's conviction on Count Two to be vacated because the Indictment failed to allege the specific three violations constituting the "continuing series"; and (2) whether

---

[1] Petitioner's first motion for relief pursuant to § 2255 alleged that (1) his trial counsel failed to provide him effective assistance by refusing to let Petitioner testify and failing to conduct sufficient investigation into the facts of the case; (2) his conviction for using and carrying a firearm during and in relation to a drug trafficking crime must be vacated in light of the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995); (3) he was actually innocent of any § 924(c) violation; (4) his convictions for narcotics conspiracy in violation of 21 U.S.C. § 846 and for his participation in a CCE in violation of 21 U.S.C. § 848 should both be vacated; (5) the jury was improperly instructed on the CCE count, in that the instruction given allowed the jury to consider his conviction on the narcotics conspiracy count to be one of the three predicate offenses required by 21 U.S.C. § 848; and (6) his conviction should be vacated because various witnesses against him testified pursuant to cooperation agreements, in violation of 18 U.S.C. § 201(c)(2).  *United States v. Pena*, 90-CR-553 [Dkt. No. 30] (S.D.N.Y. June 2, 1999).

Petitioner's sentence on Count Two should be vacated because the Indictment improperly stated the elements of a CCE offense. *Pena v. United States*, 242 F.3d 367, 2000 WL 1761889, at *1 (2d Cir. 2000).

On appeal, Petitioner presented two additional claims: (1) that the jury charge for Count Two was improper, under the dissenting opinion in *Richardson*, because it did not instruct the jury that each violation comprising the CCE must have been undertaken in concert with five or more individuals and must have generated substantial income; and (2) that in applying *Rutledge*, the Court should have vacated his conviction on Count Two rather than Count One. *See id.* On May 17, 2000, the Second Circuit (1) construed Petitioner's new arguments regarding *Richardson* as a motion to consider a successive motion pursuant to 28 U.S.C. § 2255; and (2) denied that motion because it was not based on newly discovered evidence or a new rule of constitutional law. *See id.* However, the Second Circuit ruled that Petitioner's appeal could proceed on all issues other than those arising from *Richardson*. *See id.*

By Summary Order dated November 27, 2000, the Second Circuit affirmed Petitioner's judgment. *See id.* With respect to Petitioner's argument that Count Two of the Indictment improperly stated the elements of a CCE offense, the Second Circuit concluded that Petitioner was precluded from raising this argument because he had fully litigated the argument on direct appeal. *Id.* at *2. With respect to Petitioner's argument that the Court should have vacated his conviction on Count Two rather than Count One, the Second Circuit concluded that it was well within the Court's discretion to vacate Count One in lieu of Count Two. *Id.*

Petitioner now moves, once again, for relief under 28 U.S.C. § 2255. *See* Motion, No. 12 Civ. 7856, [Dkt. No. 1] ("Motion"). In this second motion for relief, Petitioner argues (1) that he is entitled to file another § 2255 motion challenging the amended portion of his conviction,

relying upon *Magwood v. Patterson*, 561 U.S. 320 (2010) and *Garza v. United States*, 131 S. Ct. 1469 (2011); (2) that he is factually innocent of the CCE offense charged in Count Two and that the jury's verdict on Count Two was not unanimous; (3) ineffective assistance of counsel; and (4) that the Supreme Court's decision in *Richardson* requires his conviction on Count Two to be vacated because the Indictment failed to allege the specific three violations constituting a "continuing series."  Motion 5–8, 13.

## II.  ANALYSIS

Section 2255 allows a convicted person being held in federal custody to petition the sentencing court for an order vacating, setting aside, or correcting his sentence.  28 U.S.C. § 2255.  Relief pursuant to § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'"  *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).  The Court construes Petitioner's *pro se* submissions to raise the strongest arguments possible.  *See Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995).

Petitioner argues that, in light of *Magwood* and *Garza*, he is entitled to file another § 2255 motion challenging the amended portion of his conviction.  Courts are divided as to whether an amendment to the judgment of the type issued in this case permits a Petitioner to file a second § 2255 motion.[2]  The Court need not resolve this issue, however, because Petitioner's present motion should be denied for the reasons set forth below.

---

[2] In *Magwood*, the Supreme Court held that a state prisoner's habeas petition was not "second or successive."  561 U.S. at 323–24.  In that case, Magwood, after a jury trial, was sentenced to death.  *Id*. at 324.  After the state appellate courts affirmed his sentence, Magwood filed a petition for a writ of habeas corpus, which the federal district court conditionally granted.  *Id*. at 326.  On remand, the state trial court imposed the same sentence and Magwood again unsuccessfully sought relief in the state courts.  *Id*. at 326–27.  Magwood then filed a second petition for a writ of habeas corpus in federal court.  *Id*.  The district court, *sua sponte*, concluded that the

## A.  Petitioner's Motion Is Untimely

A one-year period of limitation applies to § 2255 motions.  *See* 28 U.S.C. § 2255(f).

Petitioner filed his present motion on October 15, 2012, more than eleven years after his

amended judgment became final.[3]  Nevertheless, a motion under § 2255 can be timely if it was

filed within one year of "the date on which the right asserted was initially recognized by the

Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review."  *Id.*  Petitioner presumably relies on

§ 2255(f) when he asserts that his motion is timely because of the Supreme Court's decisions in

*Magwood* and *Garza*.  *See* Motion at 13.  Yet, *Magwood* was decided on June 24, 2010, and

*Garza* was decided on February 22, 2011.

Hence, even under § 2255(f)(3), Petitioner's motion is untimely. Petitioner did not file his

present motion until two years after the Supreme Court's decision in *Magwood*, and more than a

year after the opinion in *Garza*.  *See, e.g.*, *Dodd v. United States*, 545 U.S. 353, 360 (2005)

---

petition was not successive, and the Eleventh Circuit reversed.  *Id.* at 328–29.  The Supreme Court reversed again, holding that "where . . . there is a new judgment intervening between the two habeas petitions . . . an application challenging the resulting new judgment is not second or successive."  *Id.* at 341–42 (internal citation and quotation marks omitted); *accord Johnson v. United States*, 623 F.3d 41, 46 (2d Cir. 2010) (holding that a judgment that was modified and then affirmed as modified constituted an amended judgment under *Magwood*).  In this case, there was no Order modifying or amending the judgment of conviction, nor was an amended judgment of conviction entered.  Thus, Petitioner's case is distinguishable from *Johnson*.

Circuits are split as to whether the plain text of 28 U.S.C. § 2255(b) should be read to deem that a new judgment has been imposed following the grant of § 2255 relief.  In *United States v. Torres-Otero*, 232 F.3d 24 (1st Cir. 2000), the First Circuit found it fair to infer that the district court, in granting § 2255 relief, "intended to follow the standard practice among federal courts in this situation: vacatur of the sentence and summary imposition of a new sentencing judgment identical in all respects to the earlier one except for the date of entry."  *Id.* at 29–32. However, in *In re Lampton*, 667 F.3d 585 (5th Cir. 2012), whose facts are identical to those in the case before the Court, the Fifth Circuit held that "when a first habeas petition results in vacatur of the conviction and sentence associated with one count of a multi-count conviction, the district court is not required to enter a new judgment as to the remaining counts."  *Id.* at 589.  The Fifth Circuit concluded that there was no intervening judgment or new sentence imposed to trigger *Magwood* and that Lampton's petition was "second or successive" within the meaning of § 2255(h).  *Id.*

[3] For purposes of § 2255, Petitioner's amended judgment became final ninety days after the date of entry of the Second Circuit's judgment in January 2001.  *See Clay v. United States*, 537 U.S. 522, 527 (2003).

(finding motion untimely where it was filed on April 4, 2001, and sought to benefit from a case decided on June 1, 1999).

**B.  Petitioner is not Procedurally Entitled to File Another Section 2255 Motion Challenging the Amended Portion of his Conviction**

Petitioner cannot rely upon the Supreme Court's decisions in *Magwood*, its remand in *Garza*, or the Second Circuit's decision in *Johnson* as support for his conclusion that he is entitled to file another § 2255 motion.  Those decisions are not retroactive; the decisions in *Magwood*, *Garza*, and *Johnson* are silent on the question of retroactive application. *Cf. Teague v. Lane*, 489 U.S. 288, 300 (1989) ("the question whether a decision [announcing a new rule should] be given prospective or retroactive effect should be faced at the time of [that] decision" (alteration in original) (internal quotation marks omitted)).

**C.  Petitioner's Remaining Claims Are Procedurally Barred and Without Merit**

Petitioner makes three remaining claims: (1) he is factually innocent of the offense charged in Count Two; (2) the jury's verdict on Count Two was not unanimous; and (3) his conviction on Count Two should be vacated, pursuant to *Richardson*, because the Indictment failed to allege the specific three violations constituting a CCE.  These claims are procedurally barred because of his failure both to raise them on direct review and to establish actual prejudice or that he is actually innocent.  *See Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can demonstrate either cause and actual prejudice, or that he is actually innocent." (internal quotation marks and citations omitted)).

The evidence presented at Petitioner's trial precludes the possibility that he was "actually or factually innocent."  *See* Motion at 6.  This Court has already concluded that the government provided extensive evidence at trial that Petitioner and his co-defendant were engaged in a large

crack distribution network, and that Petitioner oversaw the purchase and supply of crack cocaine utilizing almost two dozen empty Manhattan apartments.  *See United States v. Pena*, 90-CR-553, at 2 [Dkt. No. 30] (S.D.N.Y. June 2, 1999).

With respect to the jury's verdict on Count Two, Petitioner's argument is without basis in fact.  The Court instructed the jurors that it was necessary that each juror agree and that "[the] verdict must be unanimous." Trial Tr. 1080:11–13.  The Court further instructed the jury that they must unanimously agree as to which three acts constituted a continuing series of violations and with which five people the defendant committed the violations.  Trial Tr. 1067:5–6, 16–17. In response to the Court's question to the jury foreperson regarding whether the verdict was unanimous, the foreperson stated that the verdict was unanimous.  After the verdict was read aloud, the Court polled each juror asking whether that was the juror's verdict; each juror responded "yes."

Finally, Petitioner's renewed claim with respect to *Richardson* is also without merit. Petitioner's assertion that *Richardson* requires that his conviction under Count Two be vacated is foreclosed by the Second Circuit's decision in *United States v. Flaherty*, 295 F. 3d 182, 197 (2d Cir. 2002) ("Although *Richardson* requires that the jury be unanimous on each of the constituent felonies, we have held that an indictment that does not identify which of many alleged felonies constituted the series is not thereby defective.").

## III.  CONCLUSION

For the reasons stated above, Petitioner's § 2255 motion is DENIED.  A certificate of appealability will not issue because Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).  The Court certifies

pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good

faith.

      The Clerk of Court is directed to close this case.  Any pending motions are moot.


      SO ORDERED.

Dated: New York, New York
         September 22 , 2014

                                    /s/
                                    Kimba M. Wood
                        United States District Judge